IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BIJAN FARHANGUI,**<br>        **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **DOUGLAS R. GROSSINGER,**<br>        **Defendant.** | **NO.  20-2002** |

## MEMORANDUM OPINION

This extensively litigated but straightforward contract dispute arises from two loan agreements ("the Agreements") between Plaintiff Bijan Farhangui and Defendant Douglas Grossinger.  Pursuant to the Agreements, Farhangui loaned money to Grossinger, an attorney, for Grossinger's work on a complex litigation matter, to be repaid with 100% interest.  Grossinger defaulted on the loans, and Farhangui sued for breach of contract and unjust enrichment.[1]  Grossinger asserted counterclaims, all but one of which seeking declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that the Agreements are unconscionable, were dismissed.  Farhangui now moves for summary judgment on his breach of contract claims and on Grossinger's counterclaim.

Before getting to the meat of the matter, some observations.  The Court's Amended Scheduling and Pretrial Order ("the Order") set out a process (reflecting the Court's Policies and Procedures) as to how the parties were to brief summary judgment.  Specifically, the movant – in this case Farhangui – was required to initiate a process whereby the parties were to meet, confer and develop a single, joint appendix of all exhibits, including any and all exhibits to be

---

[1] The loan agreements between the parties are express contracts that govern the parties' relationship.  As Farhangui concedes, his unjust enrichment claim therefore must be dismissed.  *Benefit Tr. Life Ins. Co. v. Union Nat'l Bank*, 776 F.2d 1174, 1177 (3d Cir. 1985) (internal quotation marks and citation omitted) (unjust enrichment "inapplicable when the relationship between the parties is founded on a written agreement or express contract.").

referenced in their respective briefs. While the parties were required to "make every effort to include all necessary exhibits in the initial joint appendix," Grossinger was permitted to "submit additional exhibits" if "necessary" along with his brief.

Second, the Order specified the process by which the parties would identify for the Court disputed and undisputed facts. Fahrangui was to submit a Statement of Undisputed Material Facts containing a numbered, paragraph-by-paragraph recitation of facts with specific citations to the record in support of all of those facts as to which he contends no genuine issue exists. Grossinger was then to either accept or reject each fact at which point he had the opportunity to submit his own Undisputed Statement of Material Facts with pinpoint cites to the record which – in turn – Farhangui could accept or reject.

Though Farhangui's counsel initiated communications with Grossinger's counsel to comply with the process, he was ultimately unsuccessful in securing Defendant's participation. In short, Grossinger wholly failed to engage in the process set out in the Order. He did not provide any exhibits to be included in the joint appendix (although he filed one exhibit in his response to the motion for summary judgment), he did not specifically accept or reject any of Farhangui's Undisputed Statement of Material Facts, and he did not take advantage of his opportunity to identify what he believed to be material factual disputes.

Grossinger's brief also fails to comply with key provisions of federal and local rules of civil procedure. Pursuant to Federal Rule of Civil Procedure 56(c)(1), "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by [] citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do

not establish the absence or presence of a genuine dispute." Regardless, Grossinger's brief, for the most part, is devoid of citation to facts of record. Further, pursuant to Local Rule of Procedure 7.1(c), Grossinger's brief was required to "contain[] a concise statement of the legal contentions and authorities relied upon in support" of his opposition to Farhangui's motion. But it does not. With the exception of its recitation of the summary judgment standard of review, his brief wants citation to caselaw.

These shortcomings are not procedural peccadilloes: "[f]ully developed legal argument, citation to legal authority, and discussion of the relevant facts aid this Court in performing its duty, and ultimately in serving the ends of justice. Any brief in opposition or any other memorandum of law that is lacking even a modicum of these elements is woefully insufficient and inexcusable." *Equip. Fin., LLC v. Hutchison*, 2010 WL 3791481, at *4 (E.D. Pa. Sept. 24, 2010) (internal quotation marks and citation omitted), *aff'd*, 487 F. App'x 25 (3d Cir. 2012) (citing to Rule 7.1(c)). Grossinger's brief floats on the surface of legal analysis sans effort to take a deep dive or even to dip a toe into substantive, legal argument on the merits of Farhangui's breach of contract claims or his own counterclaim for declaratory judgment. *See also Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (citation omitted) (a party's brief "may not rest upon mere allegations, general denials, or such vague statements. . . .").

The "woeful[] insufficien[cies]" of Grossinger's brief have consequences. *Equip. Fin.*, 2010 WL 3791481, at *4. At summary judgment, if a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion," Fed. R. Civ. P. 56(e)(2), and "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it," Fed. R. Civ. P. 53(e)(3). Given Grossinger's failure to comply with this

Court's Order or to otherwise address Farhangui's Statement of Undisputed Facts, such facts will be, pursuant to Rule 56(e)(2), deemed undisputed for purposes of the present motion.  *See also McNeil v. City of Easton*, 694 F.Supp.2d 375, 382 n.13 (E.D. Pa. 2010) (deeming facts undisputed where party opposing summary judgment failed to file statement of disputed facts).

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Turning now to the merits of the motion, the facts are as follows.  On April 26, 2018, Grossinger and Farhangui entered into an agreement (the "April Agreement") pursuant to which Farhangui would loan $75,000 to Grossinger for Grossinger's work on a complex multidistrict litigation, *In re Nat'l Football League Players' Concussion Injury Litig.*, No. 12-md-2323.  The April Agreement required that Grossinger repay Farhangui $150,000 on or before April 15, 2019.  Paragraph 1.1 of the April Agreement required payment of "additional interest . . . at a rate of 10% per month" in the event that Grossinger failed to timely repay the loans.  Pursuant to paragraph 7 of the April Agreement, both parties "represent[ed] and acknowledge[d] that they [had] been provided with the opportunity to discuss and review the terms of [the] Agreement with legal counsel," and that they had "a reasonable period of time within which to review and consider the terms of [the] Agreement."  Farhangui transferred $50,000 to Grossinger on or about April 27, 2018, and $25,000 on May 10, 2018.

On June 18, 2018, the parties executed a second agreement (the "June Agreement"), pursuant to which Farhangui would lend $25,000 to Grossinger for his work on the case, and Grossinger would repay Farhangui $50,000 on or before April 15, 2019.  Other than the date and loan amount, the June Agreement mirrors the April Agreement containing the identical 10% late payment provision.  Per the June Agreement, Farhangui transferred $25,000 to Grossinger.

Grossinger made no payments on the loans by April 15, 2019, the due date under each

loan agreement. After the due date, between June 17, 2019 and October 22, 2019, he made five payments totaling $85,000 but made no further payments thereafter. Farhangui sought to collect on the amounts owed. In determining the 10% late payment interest pursuant to paragraph 1.1 of the Agreements he initially contended that the amount owed was to be calculated as compound interest – that is, interest on the unpaid principal plus any accrued unpaid interest – rather than simple interest, on the outstanding principal of the loan each month. At summary judgment, however, Farhangui filed a declaration in which he "irrevocably waiv[es] any right [he] may have to collect compound interest under paragraph 1.1 of the Agreements." Accordingly, how late payment interest due under paragraph 1.1 is to be calculated is now undisputed, and consideration of Farhangui's motion will proceed on the basis that late payment interest due under paragraph 1.1 is calculated as simple interest.

## II. LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute "is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and "is material only if it might affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citation omitted). In reviewing a summary judgment motion, the record must be viewed in the light most favorable to the non-movant and all reasonable inferences must be drawn in their favor. *Id.* (citation omitted).

## III. DISCUSSION

The undisputed facts are that the April Agreement and the June Agreement are contracts breached by Grossinger. "Pennsylvania law requires that a plaintiff seeking to proceed with a

breach of contract action must establish (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (internal quotation marks, brackets, and citation omitted). "[W]hether an undisputed set of facts establishes a contract is a matter of law," *Mountain Props., Inc. v. Tyler Hill Realty Corp.*, 767 A.2d 1096, 1101 (Pa. Super. 2001) (citation omitted), and depends on "(1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the agreement are sufficiently definite to be enforced; and (3) whether there was consideration," *ATACS Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 666 (3d Cir. 1998) (citations omitted).[2] "As to the second element of contract formation – sufficiently definite terms – Pennsylvania has adopted the Restatement (Second) of Contracts," *Ecore Int'l, Inc. v. Downey*, 343 F.Supp.3d 459, 489 (E.D. Pa. 2018) (citation omitted), which provides that "terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy." Restatement (Second) of Contracts § 33 (1981). Here, the parties executed each Agreement in writing after each of them had the opportunity to review the documents. The essential terms of each loan, including the amount and date of payment and repayment, were clear, definite, and required consideration of both parties. Pursuant to the Agreements, Grossinger was obligated to repay Farhangui for the loans in the amount of $200,000 by April 15, 2019. Grossinger failed to make any payments by this date, in violation of his duties under the Agreements.

For Grossinger's breaches, Farhangui seeks expectation damages, "[t]he preferred basis of contract damages" which "seeks to protect an injured party's 'expectation interest' – that is, the interest in having the benefit of the bargain – and accordingly awards damages designed to

---

[2] Paragraph 10 of the Agreements provides that "[t]his Agreement shall in all respects be interpreted, enforced, and governed under Pennsylvania law."

place the aggrieved in as good a position as would have occurred had the contract been performed." *ATACS*, 155 F.3d at 669 (citations omitted). The undisputed facts here establish damages provable with reasonable certainty. *Ware*, 322 F.3d at 226 (internal quotation marks and citation omitted). On April 15, 2019, Grossinger owed Farhangui $100,000 in the principal amount plus $100,000 in regular interest. Pursuant to paragraph 1.1 of the Agreements late payment simple interest then began to accrue on April 16th, 2019 in the amount of 10% per month continuing through today. Grossinger subsequently made payments to Farhangui totaling $85,000. Under Pennsylvania law, "partial payment on a contract bearing interest is to be applied first to the accrued interest with the balance applied towards the reduction of principal." *Katzeff v. Fazio*, 628 A.2d 425, 431 (Pa. Super. 1993); *see also Cusati v. Dellisanti*, 31 A.2d 604, 605 (Pa. Super. 1943). Accordingly, as of January 4, 2021, Farhangui is owed damages in the amount of $321,451.61 – $100,000 in principal, plus $100,000 in regular interest and $121,451.61 in late payment interest.[3]

     Farhangui nevertheless is entitled to summary judgment on his breach of contract claims only if he is also entitled to summary judgment on Grossinger's counterclaim, which seeks declaratory judgment that the Agreements are unenforceable as unconscionable contracts of adhesion. "To prove unconscionability under Pennsylvania law, a party must show that the contract was both substantively and procedurally unconscionable." *Quilloin v. Tenet HealthSystem Philadelphia, Inc.*, 673 F.3d 221, 230 (3d Cir. 2012) (citation omitted). "Substantive unconscionability refers to contractual terms that are unreasonably or grossly

---

[3] The amount of late payment interest is calculated as follows: $10,000 per month from April 16, 2019 through December 15, 2020 (twenty months) for a subtotal of $200,000, plus $322.58 per day for 20 days between December 16 and January 4, 2020 (the $322.58 being calculated by dividing $10,000 by 31 – the number of days in both December and January) for a subtotal of $6451.61. The late payment interest is, therefore, $206,451,66 less the $85,000 Grossinger paid for a total of $121,451.61.

favorable to one side and to which the disfavored party does not assent." *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 181 (3d Cir. 1999) (citation omitted).  By contrast, procedural unconscionability exists "where there was a lack of meaningful choice in the acceptance of the challenged provision," such as when the contract was "formed through oppression and unfair surprise." *Quilloin*, 673 F.3d at 235 (internal quotation marks and citations omitted).  Under Pennsylvania law, a contract of adhesion is a "standard-form contract prepared by one party, to be signed by the party in a weaker position . . . who adheres to the contract with little choice about the terms," and are "generally considered to be procedurally unconscionable." *Id.* (internal quotation marks and citations omitted).

      Although Grossinger suggests that the Agreements are unconscionable, he provides no citation to the facts or law in support of this contention.  In fact, the undisputed facts establish that the Agreements are not substantively or procedurally unconscionable.  Grossinger executed the Agreements after a period of arm's length negotiation with Farhangui.  Pursuant to paragraph 7 of the Agreements, both parties acknowledged that they had "opportunity to discuss and review the terms of [the] Agreement with legal counsel" and "a reasonable period of time within which to review and consider the terms of [the] Agreement."  Grossinger thus assented to the terms of each of the Agreements, and had a meaningful choice in deciding whether to do so.  Nor does the record provide any basis to conclude that the Agreements were contracts of adhesion: they were not standard contracts, but instead were tailored to the parties' specific bargain.

      Accordingly, the Agreements are valid and enforceable, and Farhangui is entitled to summary judgment on his breach of contract claims, as well as on Grossinger's counterclaim for declaratory judgment.

## IV. CONCLUSION

For the foregoing reasons, Farhangui's motion will be granted.[4] An appropriate order follows.

**January 4, 2021**                                      **BY THE COURT:**

                                                         **/s/Wendy Beetlestone, J.**

                                                         _____

                                                         **WENDY BEETLESTONE, J**

---

[4] Farhangui seeks leave to file a motion for attorneys' fees and costs as a prevailing party in the instant case and in the consolidated case, *Grossinger v. Farhangui*, 20-cv-745. Pursuant to paragraph 12 of the Agreements, which provides that "[t]he prevailing party in any action between the Parties shall recover reasonable attorney's fees and costs," Farhangui's request to file a motion for attorneys' fees and costs will be granted.