IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BIJAN FARHANGUI,**<br>         **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **DOUGLAS R. GROSSINGER,**<br>         **Defendant.** | **NO.  20-2002** |

### MEMORANDUM OPINION

As set out in an opinion and order dated January 4, 2021, this Court granted summary judgment to Plaintiff Bijan Farhangui on his claim that Defendant Douglas Grossinger breached two loan agreements by failing to repay the loans when due.  The Court also granted summary judgment to Farhangui on or had previously dismissed Grossinger's six counterclaims, which alleged, *inter alia*, that the loan agreements were the product of fraud, as well as dismissing a consolidated case brought by Grossinger against Farhangui primarily alleging that the loan agreements were usurious (the "Usury Action").  The parties are familiar with their contract dispute's facts and procedural history, which will not be reiterated here.  Farhangui now moves for the award of attorneys' fees and costs for both cases pursuant to Federal Rule of Civil Procedure 54(d) and the fee-shifting provision in the parties' loan agreements.  Grossinger opposes Farhangui's motion, contending – despite the dismissal of his claims and the entry of summary judgment in Farhangui's favor – that Farhangui is not the prevailing party.  For the following reasons, Farhangui's motion will be granted.

    **I.**    **DISCUSSION**

    **A.  Prevailing Party**

"[T]he settled law of Pennsylvania is that attorneys' fees are recoverable from an adverse

1

party to a cause only when provided for by statute, or when clearly agreed to by the parties." *Sloan & Co. v. Liberty Mut. Ins. Co.*, 653 F.3d 175, 186 (3d Cir. 2011) (internal quotation marks, brackets, and citation omitted).[1] The fee-shifting provision in the parties' loan agreements provides that "[t]he prevailing party in any action between the Parties shall recover reasonable attorney's fees and costs." Pennsylvania law thus permits Farhangui to recover reasonable attorneys' fees pursuant to this clear agreement between the parties if Farhangui qualifies as the "prevailing party" in the instant case and the Usury Action.

Under Pennsylvania law, "[w]hen interpreting agreements containing clear and unambiguous terms, we need only examine the writing itself to give effect to the parties' intent," the "paramount consideration" in contractual interpretation. *Profit Wize Mktg. v. Wiest*, 812 A.2d 1270, 1274 (Pa. Super. 2002); *see also TruServ Corp. v. Morgan's Tool & Supply Co.*, 614 Pa. 549, 563 (2012) ("it is not the function of a court to rewrite agreements between parties, and a court must give effect to the clear terms to which the parties have agreed" (citation omitted)). "Where terms [in a contract] are not defined, we must construe the words in accordance with their natural, plain, and ordinary meaning." *Cordero v. Potomac Ins. Co. of Ill.*, 794 A.2d 897, 900 (Pa. Super. 2002) (citation omitted).

Although the Pennsylvania Supreme Court has not yet interpreted "prevailing party" as used in a contractual fee-shifting provision, in *Profit Wize Marketing v. Wiest* the Pennsylvania Superior Court considered one in an employment contract that authorized a fee award where a party "prevails in any suit or action under" the contract, but which – as here – contained no

---

[1] Pennsylvania law governs Farhangui's Motion for Attorneys' Fees because Farhangui's and Grossinger's lawsuits were brought in diversity and the loan agreements provide that they are governed by Pennsylvania law. *See Xerox Corp. v. Bentley*, 920 F.Supp.2d 578, 579 (E.D. Pa. 2013); *see also Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1224 (3d Cir. 1995).

definition of "prevails."  812 A.2d at 1275.  The court explained that "prevailing party" is "commonly defined as 'a party in whose favor a judgment is rendered, regardless of the amount of damages awarded,'" further stating that "[w]hile this definition encompasses those situations where a party receives less relief than was sought or even nominal relief, its application is still limited to those circumstances where the fact finder declares a winner and the court enters judgment in that party's favor."  *Id.* at 1275-76 (quoting Black's Law Dictionary, 7th ed. at 1145).[2]

Here, the fee-shifting provision of each agreement is unambiguous and will be enforced as written.  *See Gustine Uniontown Assocs., Ltd. v. Anthony Crane Rental, Inc.*, 892 A.2d 830, 837 (Pa. Super. 2006).  The loan agreements do not define "prevailing party," and this term therefore will be ascribed its ordinary meaning as the "party in whose favor a judgment is rendered, regardless of the amount of damages awarded."  *Profit Wize*, 812 A.2d at 1275.  Under this standard, Farhangui was the "clear-cut winner."  *Id.*  Although Farhangui's unjust enrichment claim was dismissed, he was uniformly successful on all other claims, summary judgment was entered in his favor for Grossinger's breach of the loan agreements, and he therefore is the "prevailing party" for purposes of the fee-shifting provision.  Grossinger contends that Farhangui does not qualify as a prevailing party because he "did not prevail on . . .

---

[2] Grossinger does not address *Profit Wize* choosing to rely instead on cases that considered specific statutory fee-shifting provisions.  *See Hensley v. Eckerhart*, 461 U.S. 424 (1983) (construing the words "prevailing party" in the fee-shifting provision of 42 U.S.C. § 1988); *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989) (same); *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120 (2d Cir. 1989) (fee-shifting provision of 17 U.S.C. § 505); *Gardner v. Clark*, 503 A.2d 8 (Pa. Super. 1986) (fee-shifting provisions of 41 P.S. §§ 407 and 503).  These cases are inapposite.  *See, e.g.*, *Zambelli Fireworks Mfg. Co. v. Wood*, 2010 WL 4672357, at *7 & *9 n.5 (W.D. Pa. Nov. 9, 2010) (because "[c]ontractual fee-shifting clauses are fundamentally different from statutory fee-shifting provisions," *Profit Wize*, not *Hensley*, controls fee-shifting provision in employment contract).

Because this matter does not concern a statutory attorneys' fee award and, further, because Pennsylvania law governs the parties' loan agreements, the Third Circuit's well-established framework for evaluating statutory attorneys' fees awards set forth in in *Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir. 1976) does not apply here.

the only significant issue disputed in the litigation" as Farhangui won damages at summary judgment that included simple interest due under the late payment provision of the loan agreements, but not compound interest as Farhangui initially sought in this case.  But 'prevailing party' "encompasses those situations where a party receives less relief than was sought." *Id.* Farhangui's concession at summary judgment as to how one category of his damages – that is, interest charged for Grossinger's late payment on the loans – were to be calculated does not undermine the fact that judgment was rendered in his favor.

### B. Reasonableness of Farhangui's Fee and Costs Request

Having concluded that Farhangui is the prevailing party, it remains to be determined what amount of attorneys' fees and costs Farhangui is entitled to.  "Where reasonable attorney's fees are stipulated to in a contract, the court must review the requested fee for reasonableness." *Wells Fargo Fin. Leasing, Inc. v. Target Ad, Inc.*, 2010 WL 1141332, at *2 (E.D. Pa. Mar. 24, 2010) (citation omitted).  The party seeking attorneys' fees has "the burden . . . to justify a fee request." *Carmen Enters., Inc. v. Murpenter, LLC*, 185 A.3d 380, 390 (Pa. Super. 2018) (citation omitted). Under Pennsylvania law, to determine a reasonable fee for purposes of a contractual fee-shifting provision, analysis begins with the lodestar figure, which is calculated by multiplying the total number of reasonably expended hours by the reasonable hourly rate.  *Krebs v. United Ref. Co. of Pa.*, 893 A.2d 776, 790 (Pa. Super. 2006).  Other relevant factors to consider in determining the reasonableness of an award include:

> the amount and character of the services rendered; the labor, time and trouble involved; the character and importance of the litigation; the amount of money or value of property affected; the professional skill and experience called for; the standing of the attorney in his profession; and the pecuniary benefit derived from the success.

*Krueger Assocs., Inc. v. ADT Sec. Sys.*, 2000 WL 10394, at *2 (E.D. Pa. Jan. 5, 2000) (internal quotation marks and citation omitted).  One or a combination of these factors may be sufficient

4

to justify reduction of a requested attorneys' fees award, and not every factor must be addressed. *Gilmore by Gilmore v. Dondero*, 582 A.2d 1106, 1109-10 (Pa. Super. 1990). While "[w]hat constitutes a reasonable amount of fees and expenses is subject to the court's equitable control," *Fabral, Inc. v. B & B Roofing Co.*, 2011 WL 4528364, at *21 (E.D. Pa. Sept. 30, 2011), "it has long been the law of Pennsylvania that attorney's fees should be on a moderate scale of compensation, and none should be allowed but such as are fair and just," *Carmen Enters.*, 185 A.3d at 390 (internal quotation marks, brackets, and citation omitted).

Here, Farhangui seeks reimbursement for his calculation of the lodestar figure of $112,459.75 for his attorneys' successful litigation of the consolidated actions, including the current motion for attorneys' fees and costs. Farhangui's legal team consisted of personnel from two law firms, Sadat Law Group and Dilsworth & Paxson LLP, including three partners who billed between $200 and $490 per hour, two associates who billed between $300 and $315, and two paralegals who billed between $225 and $230. Each partner is an experienced commercial litigator, and both partners from Sadat Law Group provided legal services to Farhangui at a discounted rate. Farhangui submits the certification of Eric B. Meyer, a partner at FisherBroyles, LLP, who attests that the rates sought are reasonable for legal services within Philadelphia. Farhangui proffers based on invoices and declarations submitted to the Court that members of his legal team expended 325.85 hours on the litigation, including drafting pleadings, removal of Grossinger's action to federal court, discovery, multiple motions to dismiss and for summary judgment, settlement negotiations, pre-trial submissions, and briefing on the instant motion, *inter alia*. Farhangui also requests the reimbursement of $3,117.28 in costs for associated litigation expenses, such as filing, service, and transcript fees, and submitted invoices in support of this award. The attorney hours expended, the rate for which Farhangui seeks reimbursement, and

5

Farhangui's requested reimbursement for costs are reasonable on this record.

Grossinger challenges the lodestar figure arguing that it should be reduced because Farhangui's abandoned his request for compound interest. Be that as it may Farhangui nevertheless won a $321,451.61 judgment which renders him a prevailing party. Based on the amount of litigation required for the disposition of the case, the variety of issues raised by Grossinger's state law claims, and the effectiveness of Farhangui's attorneys in prevailing on Grossinger's claims and counterclaims and Farhangui's breach of contract claims, the requested lodestar figure is reasonable and will not be reduced. *See also Logan v. Marks*, 704 A.2d 671, 674 (Pa. Super. 1997) ("the lodestar . . . is strongly presumed to yield a reasonable fee" (internal quotation marks and citation omitted)).

## II.  CONCLUSION

As set forth above, Farhangui's Motion for Attorneys' Fees will be granted. Farhangui will be awarded $115,577.03 in attorneys' fees costs. An appropriate order follows.

**March 23, 2021**                                       **BY THE COURT:**

                                                         **/s/Wendy Beetlestone, J.**

                                                         _____

                                                         **WENDY BEETLESTONE**